IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **JOHN BURKE and JOANNA BURKE** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | |
| § | |
| **INDYMAC MORTGAGE SERVICES,** § | **Case No. 4:11-cv-00341** |
| **A DIVISION OF ONE WEST BANK,** § | |
| **and DEUTSCHE BANK NATIONAL** § | |
| **TRUST COMPANY, AS TRUSTEE OF** § | |
| **THE RESIDENTIAL ASSET** § | |
| **SECURITIZATION TRUST 2007-FLX** § | |
| **1, MORTGAGE PASS THROUGH** § | |
| **CERTIFICATE SERIES 2007E,** § | |
| **UNDER THE POOLING AND** § | |
| **SERVICES AGREEMENT DATED** § | |
| **05/21/2007, and MORTGAGE** § | |
| **ELECTRONIC REGISTRATION** § | |
| **SYSTEMS** § | |
| § | |
| **Defendants.** § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

Defendants IndyMac Mortgage Services, a division of One West Bank, FSB ("IndyMac"), Deutsche Bank National Trust Company, as Trustee ("Deutsche"), or Mortgage Electronic Registration Systems ("MERS") (collectively "defendants") removed plaintiffs' state court action based on this court's federal question jurisdiction.[1] Plaintiffs do not dispute the existence of a federal question.[2] Plaintiffs' only contention is that defendants removed more than thirty days after service of summons. However, because plaintiffs failed to properly serve either defendant, the time limit on removal has not begun, much less passed.[3] Plaintiffs motion to remand should be denied.

---

[1] Notice of Removal, Docket Entry No. 1.
[2] Plaintiffs' Motion to Remand, Docket Entry No. 3.
[3] *See* Defendants' Rule 12(b)(5) Motion to Quash Service, Docket Entry No. 6.

I.    FACTUAL BACKGROUND REGARDING SERVICE OF PROCESS

Plaintiffs filed their petition on December 6, 2010, in the 133rd Judicial District Court of Harris County.[4] On December 20, 2010, a citation was issued to "IndyMac Mortgage Services (a division of One West Bank)" at "6900 Beatrice Dr, Kalamazoo, MI 490094045."[5] No addressee was identified to receive service on behalf of IndyMac.[6] The return of service filed by plaintiffs purports to evidence IndyMac was served with the citation and a copy of the Petition on December 22, 2010 via certified mail by delivery to "Jeff P. Smith."[7]

Also on December 20, 2010, a citation was issued to "Deutsche National Bank Trust Company" at "1761 East St St Andrews Place, Santa Ana, CA 92705."[8] No addressee was identified to receive service on behalf of "Deutsche National Bank Trust Company."[9] The return of service filed by plaintiffs purports to evidence "Deutsche National Bank Trust Company" was served with the citation and a copy of the Petition on December 23, 2010 via certified mail by delivery to "Anee Hightower."[10]

Finally, on December 20, 2010, a citation was also issued to "Mortgage Electronic Registration Systems" at "1818 Rary St Ste 300, Reston, VA 20190."[11] No addressee was identified to receive service on behalf of MERS.[12] The return of service filed by plaintiffs purports to evidence MERS was served with the citation and a copy of the Petition on December 23, 2010 via certified mail by delivery to "Tony."[13]

Defendants removed the petition to this court on January 25, 2011.

---

[4] *Id.*
[5] Citation Corporate, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 2.
[6] *Id.*
[7] Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 3-4.
[8] Citation Corporate, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 5.
[9] *Id.*
[10] Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 6-7.
[11] Citation Corporate, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 8.
[12] *Id.*
[13] Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 9-10.

## II.   ARGUMENT

In their motion to remand, plaintiffs' sole argument is that removal was untimely because it occurred more than thirty days after service on each of the defendants. It is well-established that a defendant must file the notice of removal within thirty days after receiving both the summons and a copy of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Service, however, must be proper to trigger the time to remove. *Id.*, 347-48 ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Here, as evidenced by the arguments below, and in defendants' motion to quash service,[14] plaintiffs failed to effect proper service of process on any of the defendants; thus the time period for removal did not begin, much less pass.

### A.   Service on IndyMac

IndyMac is a "financial institution," as that term is defined by section 201.101 of the Texas Finance Code and maintains a registered agent for the service of process in the State of Texas.[15] Texas law, therefore, required plaintiffs to serve IndyMac through its registered agent. *See* TEX. CIV. PRAC. & REM. CODE § 17.028(b)(1). Under Texas Rule of Civil Procedure 106, service of process may be accomplished by registered or certified mail, but Rule 107 requires the return of service "contain the return receipt with the *addressee's* signature." (emphasis added). TEX. R. CIV. P. 106(a)(2); 107. Thus the service of process is defective if the return receipt is not signed by either (1) the addressee, or (2) its registered agent. *See, e.g.*, *Sw. Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.); *Bronze & Beautiful, Inc. v.*

---

[14]   Docket Entry No. 6.
[15]   *Id.,* at EXHIBIT A.

*Mahone*, 750 S.W.2d 28, 29 (Tex. App.—Texarkana 1988, no writ). The person served with the citation must be authorized to receive service, failure to do so results in defective service. *Nizari v. JP Morgan Chase*, No. 04-08-00536-CV, 2009 WL 282738, at *2 (Tex. App.—San Antonio Feb. 4, 2009) (mem. op.) (holding that the person served with citation, "Nefise Jenmohd, office administrator," was not authorized to receive service and that service would have been proper on Nizari's "PRESIDENT, VICE PRESIDENT, OR HEAD CASHIER"); *see also Reed Elsevier, Inc. v. Carrollton-Farmers Branch ISD*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (holding service was invalid where return of service claimed delivery of citation to Danielle Smith, but nothing in citation or return identified authority of Danielle Smith to receive service on behalf of defendant); *Ashley Forest Apts. v. Almy*, 762 S.W.2d 293, 295 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding service on partnership was invalid because plaintiffs had failed to strictly comply with section 17.021 where there was no showing that person served with process was an authorized agent).

IndyMac maintains a registered agent who is authorized to accept service on IndyMac's behalf, CSC—Corporation Service Company. Plaintiffs, however, did not serve IndyMac's registered agent.[16] Instead, plaintiffs attempted service upon "Jeff P. Smith," who is not authorized to accept service. As such, plaintiffs have not properly served IndyMac.

B.  **Service on Deutsche**

In attempting to serve Deutsche, plaintiffs also failed to state an authorized addressee in the citation, and the return of service does not show the authority of the person to whom the service was delivered to receive service on its behalf.[17] More importantly, however, neither the

---

[16] Citation Corporate and Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 2-4.

[17] Citation Corporate and Officer's Return of Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 5-7.

citation nor the return of service show any attempt to serve Deutsche at all. Both the citation and the return of service identify an entity named "Deutsche <u>National Bank</u> Trust Company," rather than the "Deutsche <u>Bank National</u> Trust Company" named in the petition.[18] (emphasis added). The return of service must show that the defendant named in the petition was served. *See Hercules Concrete Pumping Serv. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310-11 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (petition named Hercules Concrete Pumping Service, Inc. and citation identified Hercules Concrete Pumping). Because the citation does not reflect that the correct entity was served, it is defective. *Id.* Moreover, because the citation did not include an addressee, and because "Anee Hightower" is not named as an authorized signor, nor does the return affirmatively identify the authority of "Anee Hightower" to receive service on behalf of Deutsche, plaintiffs have not properly served Deutsche.

**C.   Service on MERS**

Lastly, in attempting to serve MERS, plaintiffs also failed to state an authorized addressee in the citation or identify the authority of the person upon whom service was purportedly accomplished to receive service on its behalf. "[A] corporation is not a person capable of accepting process, and it must be served through its agents." *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.). The only agents authorized to accept service on behalf of MERS are its registered agent, president, or vice president. Tex. Bus. Orgs. Code §§ 5.201 (registered agent); 5.255(2) (president and vice-president). Thus, the "addressee" must be the registered agent, president, or vice-president of MERS, and the return must affirmatively show the authority of the person served to receive

---

[18] *Compare* Petition, attached as Exhibit 1 to Notice of Removal, Docket Entry No. 1 *with* Citation Corporate and Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 5-7.

service on behalf of the defendant. *See Reed Elsevier,* 180 S.W.3d at 905; *Ashley Forest Apts.*, 762 S.W.2d at 295.

Here, the citation did not include an addressee, but the return reflects that it was received by "Tony." Nothing in the record reflects Tony's authority as registered agent, president, or vice president to receive service on behalf of MERS. "[B]ecause the record shows on its face that the return was not signed by the addressee or registered agent . . . [plaintiff] has failed to strictly comply with Rule 107," *All Commercial Floors*, 97 S.W.3d at 727, and plaintiffs have not properly served MERS.[19]

### IV.  CONCLUSION

Defendants properly removed the case from state court and followed all procedural rules in filing their notice of removal. Because plaintiffs never properly served any of the defendants, the time to remove never began to run. Contrary to plaintiffs' sole argument for remand then, defendants' removal was not untimely. As plaintiffs raise no other complaint to the removal, their motion to remand must be denied.

---

[19]  Citation Corporate and Officer's Return for Certified Mail, attached as Exhibit 2 to Notice of Removal, Docket Entry No. 1, at 8-10.

Date: February 9, 2011                                        Respectfully submitted,

          */s/  Elizabeth A. Mazzarella*
C. Charles Townsend, *Attorney-in-charge*
SBN:  24028053 FBN: 1018722
Michael J. McKleroy, Jr., *Of-Counsel*
SBN:  24000095 FBN: 576095
Elizabeth A. Mazzarella, *Of-Counsel*
SBN: 24069320 FBN: 1085533
AKERMAN SENTERFITT, LLP
Plaza of the Americas, Suite S1900
600 North Pearl Street
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANTS INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS**

### CERTIFICATE OF SERVICE

     I hereby certify that on February 9, 2011, a true and correct copy of the foregoing was served via Certified Mail, Return Receipt Requested, as follows:

John Burke and
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339-5339
*Pro Se Plaintiffs*

          */s/ Elizabeth A. Mazzarella*
Elizabeth A. Mazzarella